IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| CYNTHIA LARSEN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KILOLO KIJAKAZI, ) <br> Acting Commissioner of Social Security, ) <br> ) <br> Defendant. ) | No. 2:21-CV-04052-WJE |

## ORDER

Plaintiff Cynthia Larsen seeks judicial review[1] of a final administrative decision of the Acting Commissioner of Social Security ("Acting Commissioner") denying her claim for disability insurance benefits ("DIB") under Title II of the Social Security Act ("SSA"), 42 U.S.C. §§ 401, *et seq*. Administrative Law Judge Kellie Wingate Campbell ("ALJ") found that although Ms. Larsen had several severe and non-severe impairments, she retained the residual functional capacity ("RFC") to do light work. After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. Therefore, the Acting Commissioner's decision is AFFIRMED.

### I. Background

Ms. Larsen protectively applied for disability insurance benefits on February 21, 2019. (AR 11). She alleged a disability onset date of December 30, 2017, due to complications from diabetes, osteoarthritis, major depressive disorder, and generalized anxiety disorder. (*Id.* 11, 14, 263). Her claim was denied initially on August 22, 2019. (*Id.* 11). She filed a written request for hearing

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(c).

which was held on July 23, 2020. (*Id.*). During the hearing, the ALJ asked a vocational expert ("VE") whether a hypothetical individual with Ms. Larsen's age, education, and work experience, along with the RFC identified below, would be capable of working. (*Id.* 20, 22, 84-87). The VE testified that such an individual could perform Ms. Larsen's past relevant work as a cashier checker, or nursery school attendant, as well as work as a folding machine operator, router, or garment sorter. (*Id.* 20, 22, 87-88).

On August 3, 2020, the ALJ denied Ms. Larsen's claim. (*Id.* 8). The ALJ determined that Ms. Larsen's impairments, alone or in combination, failed to meet or exceed a listed impairment. (*Id.* 14-16). She also determined that Ms. Larsen had an RFC to perform light work with certain limitations, including:

> [S]he could never climb ladders, ropes or scaffolds or be exposed to unprotected heights or hazardous work environments; she could occasionally climb stairs or ramps; she could frequently stoop, crouch, kneel or crawl; and she would need to avoid concentrated exposure to vibration as well as extreme heat and extreme cold.

(*Id.* 16). Following the ALJ's decision, Ms. Larsen filed an appeal with the Appeals Council. (*Id.* 221-23). The Appeals Council denied Ms. Larsen's request for review leaving the ALJ's decision as the Acting Commissioner's final decision. (*Id.* 1-3). Because Ms. Larsen has exhausted all administrative remedies, judicial review is now appropriate under 42 U.S.C. § 405(g).

## II. Disability Determination and the Burden of Proof

The burden of establishing a disability as defined by the SSA in 42 U.S.C. § 423(d) rests on the claimant. *Simmons v. Massanari*, 264 F.3d 751, 754 (8th Cir. 2001). The SSA has established a five-step, sequential evaluation process for appraising whether a claimant is disabled and benefit-eligible. 20 C.F.R. § 404.1520; *see also Swink v. Saul*, 931 F.3d 765, 769 (8th Cir. 2019) (citation omitted). The Commissioner must evaluate:

> (1) whether the claimant is presently engaged in a substantial gainful activity;

(2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities;
(3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations;
(4) whether the claimant has the residual functional capacity to perform his or her past relevant work; and
(5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.

*Dixon v. Barnhart*, 353 F.3d 602, 605 (8th Cir. 2003).

### III.  Standard of Review

The Eighth Circuit requires the reviewing court to "determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole." *Baker v. Barnhart*, 457 F.3d 882, 892 (8th Cir. 2006) (citation omitted). "Substantial evidence is less than a preponderance [of the evidence]," in that it merely requires that a reasonable person find the evidence adequate to support the Commissioner's decision. *Id.* (citation omitted); *Cox v. Barnhart*, 345 F.3d 606, 608 (8th Cir. 2003).

The court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015); *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1157 (2019) (noting the substantial evidence standard of review "defers to the presiding ALJ, who has seen the hearing up close"). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue,* 646 F.3d 549, 556 (8th Cir. 2011).

### IV.  Discussion

Ms. Larsen raises one issue in her appeal before the Court. She argues that the RFC is not supported by substantial evidence because the ALJ did not express the RFC in a function-by-function manner before concluding that Ms. Larsen was not limited in her ability to stand or walk.

(*See* Doc. 13 at 6-11). This Court finds that substantial evidence supports the RFC decision. Accordingly, this Court affirms.

A claimant's RFC is "the most [a claimant] can still do despite his or her physical or mental limitations." *Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004) (quotations omitted). "It is the ALJ's responsibility to determine a claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own descriptions of [her] limitations." *Pearsall v. Massanari*, 274 F.3d 1211, 1217-18 (8th Cir. 2001) (citing *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995)). To determine the claimant's RFC, the ALJ is responsible for deciding questions of fact, including the credibility of a claimant's subjective reports about her limitations. *Gregg v. Barnhart*, 354 F.3d 710, 713 (8th Cir. 2003) (citing *Nelson v. Sullivan*, 966 F.2d 363, 366 (8th Cir. 1992)). "It is the function of the ALJ to weigh conflicting evidence." *Dols v. Saul*, 931 F.3d 741, 749 (8th Cir. 2019) (quoting *Kirby v. Astrue*, 500 F.3d 705, 709 (8th Cir. 2007)). When an ALJ did not assess a claimant's RFC on a function-by-function basis, the Eighth Circuit articulated that this Court "review[s] the record to ensure that an ALJ does not disregard evidence or ignore potential limitations, but [does] not require an ALJ to mechanically list and reject every possible limitation." *Nash v. Comm'r of Soc. Sec.*, 907 F.3d 1086, 1090-91 (8th Cir. 2018) (quoting *McCoy v. Astrue*, 648 F.3d 605, 615 (8th Cir. 2011)). Moreover, to establish entitlement to DIB, the claimant must establish disability before their insured status expires. *See Turpin v. Colvin*, 750 F.3d 989, 993-95 (8th Cir. 2014). Any non-disabling conditions that later develop into disabling conditions after their insured status expires cannot support an award of benefits. *See id.*

The ALJ properly determined Ms. Larsen's RFC based on all the relevant evidence in the record, including Ms. Larsen's daily activities, medical evidence, her treatment history, and her

work history. (AR 15-23). The ALJ supported her decision by citing Ms. Larsen's testimony that during the relevant period from December 30, 2017, through June 30, 2018, the date Ms. Larsen's insured status expired, Ms. Larsen was able to drive, babysit her grandchildren, including lifting a 2-year-old, and perform household chores. (*Id.* 17-18). The ALJ found that though Ms. Larsen's impairments could reasonably be expected to cause the symptoms alleged in the complaint, the "intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence." (*Id.* 17). There are few treatment records during the relevant time frame. (*Id.* 18). The ALJ categorized the treatment history as "conservative and infrequent," noting that it was limited to corticosteroid injections and medication management. (*Id.*). Prior to the onset date, Ms. Larsen was treated for left knee osteoarthritis, and an "x-ray evidenced moderate to severe arthritis with moderate joint effusion." (*Id.* 17, 733). But not until August 2019, more than a year after Ms. Larsen's insured status expired, did an MRI evidence "advanced degenerative changes with bone on bone contact along the medial compartment." (*Id.* 17, 609). And even at that time, she had "[g]ood stability…[n]o obvious strength deficits [and was] stable to stress testing." (*Id.* 609). The ALJ's RFC finding, including finding no limitation on Ms. Larsen's ability to stand or walk, is supported by the relevant evidence, as there was no requirement for the ALJ to mechanically list or reject every possible impairment. *See Nash*, 907 F.3d at 1090-91.

## V. Conclusion

For the reasons set forth herein, the Court finds the Acting Commissioner's determination that Ms. Larsen was not disabled is supported by substantial evidence in the record. Judgment shall be entered in accordance with this Order.

Accordingly,

IT IS, THEREFORE, ORDERED that the decision of the Commissioner is affirmed as set forth herein.

Dated this 15th day of January, 2022, at Jefferson City, Missouri.

*Willie J. Epps, Jr.*
Willie J. Epps, Jr.
United States Magistrate Judge